**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 14-4217**

---

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

         v.

MIGUEL LASHAWN BURT,

                    Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   James C. Fox, Senior District Judge.  (5:13-cr-00163-F-1)

---

Submitted:  December 18, 2014          Decided:  December 22, 2014

---

Before SHEDD, WYNN, and THACKER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.   Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Phillip A. Rubin, Assistant United States Attorneys, Raleigh, North Carolina, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Miguel Lashawn Burt pled guilty, without a plea agreement, to possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2012). The district court sentenced him to a within-Guidelines sentence of 105 months' imprisonment. Burt appeals, arguing that the district court erred in applying a two-level obstruction of justice enhancement, pursuant to U.S. Sentencing Guidelines Manual § 3C1.1 (2013). Finding no error, we affirm.

Section 3C1.1 of the Guidelines instructs a district court to increase a defendant's offense level by two levels if "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice" relating to the offense of conviction, related conduct, or a closely related offense. USSG § 3C1.1. Obstructive conduct within the meaning of § 3C1.1 includes "threatening, intimidating, or otherwise unlawfully influencing a . . . witness." Id., cmt. n.4(A). Whether a defendant obstructed justice under this Guideline is a factual question reviewed for clear error. United States v. Kiulin, 360 F.3d 456, 460 (4th Cir. 2004). The Government must show by a preponderance of the evidence that the defendant obstructed justice and it may rely on hearsay testimony to meet its burden of proof. United States v. Puckett, 61 F.3d 1092, 1095 (4th Cir. 1995).

2

Burt robbed a victim at gunpoint, a crime captured on a video camera. The victim's girlfriend reported the crime, but in doing so falsely stated that she was present at the robbery. The victim later explained that he did not report the crime himself because he feared for his life. Both the victim and his girlfriend told an agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATFE") that Burt threatened to kill them. When officers tried to contact the victim's girlfriend in the weeks following the robbery, several family members reported that she had left the state because Burt threatened to kill her and her baby if she cooperated with police. We conclude that the district court did not clearly err in imposing the obstruction of justice enhancement. Cf. id. at 1095 (finding no clear error where court found witness' claim that defendant threatened her credible despite her earlier false grand jury testimony).

Accordingly, we affirm Burt's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED